UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE ERNESTO MARTINEZ,           )
an individual,                                     )
                                                          )   CASE NO.:
          Plaintiff,                                )
                                                          )
vs.                                                    )
                                                          )
PALM SPRINGS MILE                    )
ASSOCIATES, LTD.,                       )
a Florida Corporation,                     )
                                                          )
          Defendant.                           )
_____/

## COMPLAINT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, JOSE ERNESTO MARTINEZ by and through his undersigned counsel, hereby files this Complaint and sues PALM SPRINGS MILE ASSOCIATES, LTD., a Florida Limited Partnership, for injunctive relief, attorney's fees, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, (the "ADA") and alleges:

### JURISDICTION AND PARTIES

1.   This is an action for damages and declaratory and injunctive relief pursuant to the ADA. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over state law claims pursuant to 42 U.S.C. § 1367.

2.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.   Plaintiff, JOSE ERNESTO MARTINEZ (hereinafter referred to as "MR. MARTINEZ") resides in Miami, Florida.

4. JOSE ERNESTO MARTINEZ is a qualified individual with a disability under the ADA and Florida Statutes. MR. MARTINEZ suffers from cerebral palsy, which affects his ability to walk and causes him to be confined to a wheelchair. The condition also creates a spasticity in his arms and hands, which makes it extremely difficult to grip any objects.

5. Due to his disability, MR. MARTINEZ is substantially impaired in several major life activities including walking, standing, bending and grasping, and requires a wheelchair for mobility.

6. Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., (hereinafter referred to as "Defendant") is a Florida limited partnership registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, a shopping center, which is the subject of this action, to wit: Palm Springs Mile Shopping Center, generally located at 407-599 West 49th Street, Hialeah, Florida 33012 (the "Property). The Property includes numerous anchor tenants including but not limited to Ross Dress for Less, Old Navy, Famous Footwear, Winn-Dixie, Don Pan International Bakery and many others. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida, Miami-Dade County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a large shopping center, includes numerous retails stores and restaurants and

is consequently a place of public accommodation subject to the ADA.

10. MR. MARTINEZ has visited the Property numerous times over the past two years and plans to visit the Property again in the near future.

11. However, during these visits, MR. MARTINEZ experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers discussed in this Complaint.

12. Consequently, MR. MARTINEZ was denied, and continues to be denied, the full and equal enjoyment of the goods and services offered at the Property due solely to his disability.

13. MR. MARTINEZ intends to and will continue to visit the Property in the future because he enjoys the shops and restaurants located there, but fears that he will encounter the same barriers to access which are the subject of this action.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the below architectural barriers, which were personally encountered by Plaintiff and which hindered his access to the Property:

   A. Plaintiff encountered numerous inaccessible disabled use parking spaces throughout the Property parking lot due to excessive slopes and pavement in disrepair.

   B. Plaintiff encountered numerous inaccessible curb ramps throughout the Property due to sidewalks with excessive slopes, steep side flares and which failed to provide smooth transitions.

   C. Plaintiff encountered inaccessible sidewalks throughout the Property due to

        excessive cross slopes.

    D.    Plaintiff encountered several inaccessible sections of the sidewalk due to excessive running slopes and which lacked handrails.

    E.    Plaintiff encountered inaccessible routes between the disabled use parking spaces and the curb ramps due to pavement in disrepair and excessive slopes.

    F.    Plaintiff encountered numerous inaccessible tenant entrances that were difficult to use due to a failure to provide a level landing in front of the doorways.

15.    Plaintiff has observed all exterior portions of the Property and the majority of the interior spaces. However, upon information and belief, there are other current violations of the ADA and ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a formal inspection is performed by an expert can all said violations be fully identified.

16.    To date, the discriminatory barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access

discussed herein have been remedied.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

    B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize their policies, practices, and procedures towards persons with disabilities for such reasonable amount of time as to allow it to implement corrective procedures.

    D. That this Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

    E. That this Court award such other and further relief as it deems necessary, just and proper.

Dated: December 30, 2015.

                              Respectfully Submitted,

        KU & MUSSMAN, P.A.
        Attorneys for Plaintiff
        6001 NW 153rd Street, Suite 100
        Miami Lakes, FL 33014
        Tel: (305) 891-1322
        Fax: (305) 891-4512
        louis@kumussman.com
        brian@kumussman.com

By  */s/ Louis Mussman*
        Louis I. Mussman, Esq.
        (FL Bar #: 597155)
        Brian T. Ku
        (FL Bar # 610461)